1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

GLENN EDWIN CLAY,

Civil No.    11cv1170-AJB(RBB)

12

Plaintiff,

**ORDER ADOPTING IN PART AND
DECLINING TO ADOPT IN PART
REPORT AND RECOMMENDATION
GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO
DISMISS**

13

v.

14

DENISE LANKFORD, LT. SAVALA,
CARLOS RAMOS, MARK GOMES, M.
HAWTHORNE, SILVIA GARCIA,

15

**[Doc. No. 5.]**

16

Defendants.

17

18

On April 12, 2011, Plaintiff Glenn Edwin Clay, a state prisoner proceeding *pro se*, filed a

19

civil rights complaint pursuant to 42 U.S.C. § 1983 in the California Superior Court, San Diego

20

County.  (Dkt. No. 1.)   On May 27, 2011, the case was removed to this Court.  (Id.)  On June 3,

21

2011, Defendants filed a motion to dismiss the complaint.  (Dkt. No. 5.)  An opposition was not

22

filed.  On October 24, 2011, Magistrate Judge Brooks filed a report and recommendation granting in

23

part and denying in part Defendants' motion to dismiss the complaint.  (Dkt. No. 7.)  Objections

24

were filed by Defendants Savala and Garcia on November 21, 2011.  (Dkt. No. 8.)  For the reasons

25

set forth below, the Court ADOPTS in part and DECLINES to ADOPT in part the report and

26

recommendation granting in part and denying in part Defendants' motion to dismiss.

27

**Procedural Background**

28

The complaint alleges claims against Defendants D. Lankford, G. Savala, M. Gomes, C.

1   Ramos, S. Garcia and M. Hawthorne under 42 U.S.C. § 1983 based on Plaintiff's termination from

2   his prison job as a forklift operator in the food department of the warehouse by Defendant Lankford

3   and the failure to prevent the termination and to reinstate him by the remaining defendants.  On May

4   27, 2011, the case was removed to this Court.  (Dkt. No. 1.)  On June 2, 2011, Defendants G. Savala,

5   M. Gomes, C. Ramos, D. Lankford and S. Garcia were served with the complaint.  Defendant M.

6   Hawthorne has not been served with the complaint.  The report and recommendation recommended

7   that the Court should *sua sponte* dismiss Defendant Hawthorne without prejudice for Plaintiff's

8   failure to comply with Federal Rule of Civil Procedure 4(m).  No objections having been filed by

9   Plaintiff and no reasons having been provided why Hawthorne has not been served, the Court

10  ADOPTS the report and recommendation and *sua sponte* DISMISSES Defendant Hawthorne

11  without prejudice.

12                                            **Discussion**

13  **A.      Scope of Review of Magistrate Judge's Report and Recommendation**

14          The district court "shall make a *de novo* determination of those portions of the report . . . to

15  which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

16  recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b).  A

17  district court may adopt those parts of a Magistrate Judge's report to which no specific objection is

18  made, provided they are not clearly erroneous.  Thomas v. Arn, 474 U.S. 140, 152-53 (1985).

19  **B.      Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

20          Defendants Lankford, Ramos and Gomes did not file objections to the report and

21  recommendation.  After a review of the report and recommendation, the Court ADOPTS the report

22  and recommendation and GRANTS Defendants Lankford, Ramos and Gomes' motion to dismiss the

23  first, third and fourth causes of action against them, respectively, for Plaintiff's failure to comply

24  with the statute of limitations.  The Court GRANTS Plaintiff leave to amend to replead those claims

25  that accrued after April 10, 2007.

26          In addition, the report recommended granting Defendants' motion to dismiss the state

27  negligence cause of action for failure to plead compliance with the California Government Tort

28  Claims Act.  No objections having been filed, the Court ADOPTS the report and recommendation

1   and GRANTS Defendants' motion to dismiss the state negligence cause of action with leave to

2   amend.

3         Defendants Savala and Garcia filed objections to the report and recommendation based on

4   the Magistrate Judge's denial of the what Defendants call "everything-but-the-kitchen-sink" claims

5   because Defendants did not provide the Court with substantive arguments as to each specific claim

6   or theories of liability but only provided a general argument that Plaintiff has not provided a "short

7   and plain statement of the claim showing that the pleader is entitled to relief" as required under

8   Federal Rule of Civil Procedure 8(a)(2).

9         Plaintiff alleges eleven claims against Defendants Savala and Garcia.  They include due

10  process, conspiracy, racial discrimination, discrimination, freedom of association, free speech,

11  freedom from cruel and unusual punishment, deprivation of rights, equal protection, federal civil

12  procedure, and negligence.  (Compl. at 11-16, 55-66.)[1]  The Court now addresses whether Plaintiff

13  has stated a claim for relief as to Defendants Savala and Garcia under Federal Rule of Civil

14  Procedure 12(b)(6).

15  **C.**      **Standard under Federal Rule of Civil Procedure 12(b)(6)**

16        A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

17  12(b)(6) tests the legal sufficiency of the claims in the complaint.  <u>Navarro v. Block</u>, 250 F.3d 729,

18  732 (9th Cir. 2001).  A motion to dismiss should be granted if plaintiff fails to proffer "enough facts

19  to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570

20  (2007).

21        Allegations of material fact are taken as true and construed in the light most favorable to the

22  nonmoving party.  <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  The court

23  need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted

24  deductions of fact or unreasonable inferences.  <u>See</u> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979,

25  988 (9th Cir. 2001); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the

26  elements of a cause of action, supported by mere conclusory statements, do not suffice."); <u>Twombly</u>,

27  550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion

28  

      [1]The page numbers are based on the CM/ECF pagination.

couched as a factual allegation.").  "Conclusory allegations of a violation of section 1983 or conspiracy to violate section 1983 will not survive a motion to dismiss."  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Price v. Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991) (stating that "[c]onclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.")  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a *pro se* civil rights complaint, however, the court may not "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  Id.

### 1.    Defendant Savala

The report and recommendation addressed the one claim of due process that Defendant claims in his motion is the "only potential claim containing more than naked assertions."  (Dkt. No. 5-1.)  The Court recommended granting Defendant Savala's motion to dismiss the due process claim with leave to amend.  The report also recommended that Savala's motion to dismiss the due process claim based on qualified immunity should be denied as premature.  After having reviewed the report and recommendation and no objections having been filed, the Court ADOPTS the report and recommendation and GRANTS Defendant Savala's motion to dismiss the due process claim with leave to amend.

However, the Magistrate Judge recommended denying the remaining allegations as to Defendant Savala because Defendant had not specifically moved and provided substantive arguments to dismiss Plaintiff's remaining allegations of constitutional violations.  Defendant filed

1    objections that the magistrate judge did not recommend dismissal of all claims against him with

2    leave to amend to make factual allegations to support every claim.  Defendants also provided the

3    theories of liability and substantive argument as to each "everything-but-the-kitchen sink" claims.

4          Defendant Savala was the hearing officer for Plaintiff's disciplinary violation involving a

5    request by Defendant Lankford to terminate Plaintiff from his prison job due to alleged carelessness

6    and recklessness as a forklift operator.   (Compl. at 11-15.)  Plaintiff alleges that Savala postponed

7    the rules violation hearing, failed to stop the hearing in order for Plaintiff to find additional

8    witnesses when his witness gave an answer not supportive of Plaintiff, failed to dismiss the

9    disciplinary action after hearing the first witness testify, failed to dismiss the disciplinary action after

10    hearing the second witness testify, and again failed to dismiss the hearing after all witnesses

11    testified.  (Id.)  Savala also allegedly prevented Plaintiff from interviewing witnesses in person and

12    failed to allow witnesses to testify in person.  (Id.)  In essence, as Defendant argues in his motion to

13    dismiss, he has alleged facts supporting a potential claim of due process.

14          Plaintiff has also alleged nine[2] additional claims of conspiracy, racial discrimination,

15    discrimination, freedom of association, free speech, freedom from cruel and unusual punishment,

16    deprivation of rights, equal protection and federal civil procedure against Defendant Savala.

17    Plaintiff asserts these constitutional violations without providing any specific and supporting facts.

18    Plaintiff fails to even state the elements of each cause of action.  Plaintiff only provides a conclusory

19    allegation of a constitutional violation without any factual support.  Therefore, it was appropriate for

20    Defendant to argue that the remaining claims failed to provide a "short and plain statement of the

21    claim."  Accordingly, the Court SUSTAINS Defendant's objections and GRANTS Defendant

22    Savala's motion to dismiss the remaining claims of conspiracy, racial discrimination, discrimination,

23    freedom of association, free speech, freedom from cruel and unusual punishment, deprivation of

24    rights, equal protection, and federal civil procedure for failure to state a claim.

25        **2.**      **Defendant Garcia**

26          The report recommended that the procedural due process and equal protection claims that

27

28          [2]As discussed above, the Court adopted the report and recommendation and granted Defendant's motion to dismiss the due process and state negligence claims.  Therefore, out of the eleven claims, nine remain.

1    Defendant addresses in his motion to dismiss should be granted with leave to amend and also

2    recommended that the substantive due process allegation should be dismissed with prejudice.  It also

3    recommended that Defendant's motion to dismiss based on qualified immunity should be denied as

4    premature on the procedural due process and equal protection claims but granted for any substantive

5    due process contention.  After having reviewed the report and recommendation and no objections

6    having been filed, the Court ADOPTS the report and recommendation and GRANTS Defendant

7    Garcia's motion to dismiss the due process and equal protection claims with leave to amend and

8    GRANTS Defendants Garcia's motion to dismiss the substantive due process claims and

9    DISMISSES that claim with prejudice.  The Court also DENIES Defendant Garcia's motion to

10   dismiss based on qualified immunity as premature but GRANTS Defendant's motion to dismiss the

11   substantive due process based on qualified immunity.

12          However, the magistrate judge recommended denying the remaining allegations as to

13   Defendant  Garcia because Defendants have not specifically moved and provided substantive

14   argument to dismiss Plaintiff's remaining allegations of constitutional violations.[3]  Defendant filed

15   objections that the Magistrate Judge did not recommend dismissal of all claims against him with

16   leave to amend to make factual allegations to support every claim.

17          As Chief Deputy Warden, Garcia was the supervisor of Defendants Gomes, Ramos, Savala

18   and Lankford.  Plaintiff alleges that Defendant Garcia knew or should have known that Plaintiff had

19   been terminated from his job and issued a C.D.C. 115 disciplinary action report.  (Compl. at 56.)

20   Plaintiff claims she knew or should have known that his C.D.C. 115 was reduced to a "C.D.C. 128

21   chrono" and Plaintiff was to be reinstated to his job as a Leadman and that he was prevented from

22   returning to work by Defendants Lankford and Ramos.  (Id. at 56-57.)  Defendant also knew or

23   should have known that Plaintiff had taken another job, out of duress, in order to accumulate work

24

25          [3]Defendants argue that the Magistrate Judge did not address Defendants' request to dismiss the
     "everything-but-the-kitchen-sink" claims against Garcia; however, they object that the Magistrate Judge
26   did not recommend dismissal of all claims against Defendants Savala and Garcia.  In the Conclusion
     section of the report and recommendation, the Magistrate Judge stated, "[a]s discussed previously, the
27   Defendants have not specifically moved to dismiss Clay's remaining constitutional violation allegations
     and have not provided the Court with substantive arguments outlining the basis for their dismissal."
28   (Dkt. No. 7 at 39.)  It can be inferred that the Court recommended denying Defendants Savala and
     Garcia's remaining "everything-but-the-kitchen-sink" claims.

1    experience.  (Id. at 57.)  She should have also known that Defendant Lankford submitted a claim that

2    working in the same warehouse with Plaintiff made her feel unsafe.  (Id.)  He also alleges that

3    Garcia, "being the senior authority figure" should have given Plaintiff a face to face interview and

4    ordered an investigation because she knew that when an inmate is accused of making a staff member

5    feel unsafe, the inmate is automatically removed from his job position.  (Id. at 57-60.)  Garcia

6    allegedly knew or should have known that Plaintiff was not a threat to anyone because he had not

7    been removed from the general population and placed in administrative segregation.  (Id. at 60-61.)

8           Defendant Garcia also answered his inmate grievance at the second level.  (Id. at 61.)  If

9    Defendant Garcia had done a thorough and proper investigation, she would have realized that her

10   subordinates Hawthorne, Gomes, Ramos and Lankford were in violation of the Work Incentives

11   Program regarding ethnic balance.  (Id. at 62.)  Plaintiff alleges constitutional violations against

12   Defendant Garcia in her role as a superior to the other Defendants.  (Id. at 62-66.)

13          Plaintiff has also alleged eight additional claims of free speech, freedom of association, state

14   and federal civil procedure, negligence, discrimination, racial discrimination, conspiracy, and cruel

15   and unusual punishment and deprivation of rights against Defendant Garcia.

16          Most of Plaintiff's allegations concern Garcia's role as supervisor to the other Defendants.

17   To state a claim against a state official under section 1983, the complainant must allege direct

18   personal participation by the defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  There

19   is no respondeat superior liability under 42 U.S.C. § 1983.  Palmer v. Sanderson, 9 F.3d 1433, 1437-

20   38 (9th Cir. 1993).  "A supervisor is only liable for the constitutional violations of his subordinates if

21   the supervisor participated in or directed the violations, or knew of the violations and failed to act to

22   prevent them."  Id.  If there is no affirmative link between a defendant's conduct and the alleged

23   injury, there is no deprivation of the plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362,

24   370 (1976).

25          "Causation is, of course, a required element of a § 1983 claim."  Estate of Brooks v. United

26   States, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must be individualized and

27   focus on the duties and responsibilities of each individual defendant whose acts or omissions are

28   alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

1    1988) (citing Rizzo, 423 U.S. at 370-71).

2         "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

3    each Government-official defendant, through the official's own individual actions, has violated the

4    constitution." Iqbal, 129 S.Ct. at 1948.  Further, a supervisor's mere knowledge of his subordinates'

5    discriminatory purpose does not amount to the supervisor violating the Constitution. Id. at 1949.

6         Here, Plaintiff repeatedly alleges that because of Garcia's role as supervisor, she is

7    responsible for the violations associated with his disciplinary hearing.  He does not provide any

8    specific facts that Garcia participated in or directed any of the alleged violations.  As to the

9    allegation that Defendant denied his administrative grievance, such a claim cannot state a cause of

10   action under section 1983.  See Ramirez v. Galaza, 334 F.3d 850, 960 (9th Cir. 2003) (inmates do

11   not have a "constitutional entitlement to a specific prison grievance procedure."  Furthermore,

12   Plaintiff alleges constitutional violations without any factual support.  Plaintiff again fails to state

13   facts or facts to support the elements of each cause of action.  Therefore, it was appropriate for

14   Defendant to argue that the remaining claims failed to provide a "short and plain statement of the

15   claim."

16        Accordingly, the Court SUSTAINS Defendant's objections and GRANTS Defendant

17   Garcia's motion to dismiss the remaining claims of conspiracy, racial discrimination, discrimination,

18   freedom of association, free speech, freedom from cruel and unusual punishment, deprivation of

19   rights, and federal civil procedure for failure to state a claim.

20                                    **Conclusion**

21        Based on the above, the Court SUSTAINS Defendant's objections to the report and

22   recommendation.  The Court ADOPTS in part and DECLINES to ADOPT in part the Magistrate

23   Judge's report and recommendation.  Accordingly, IT IS HEREBY ORDERED that:

24        1.   The Court *sua sponte* DISMISSES Defendant Hawthorne for Plaintiff's failure to

25             timely serve Hawthorne pursuant to Federal Rule of Civil Procedure 4(m).

26        2.   The Court GRANTS Defendants' motion to dismiss the state negligence cause of

27             against all Defendants with leave to amend.  Consequently, the Court DENIES

28             Defendants Savala and Garcia's request to dismiss the state negligence on

1    discretionary immunity grounds as premature.

2    3.    The Court GRANTS Defendants Lankford, Ramos, and Gomes' motion to dismiss

3          the claims against them for failing to comply with the statute of limitations for any

4          conduct prior to April 10, 2007.  The Court GRANTS Plaintiff leave to file an

5          amended complaint to allege claims that accrued after April 10, 2007.

6    4.    The Court GRANTS Defendant Savala's motion to dismiss the procedural due

7          process claim against him with leave to amend.  The Court DENIES Defendant's

8          motion to dismiss the procedural due process claim based on qualified immunity as

9          premature.  The Court also GRANTS Defendant Savala's motion to dismiss the

10         claims of conspiracy, racial discrimination, discrimination, freedom of association,

11         free speech, freedom from cruel and unusual punishment, deprivation of rights, equal

12         protection, and federal civil procedure.

13   5.    The Court GRANTS Defendant Garcia's motion to dismiss the procedural due

14         process and equal protection claims with leave to amend.  The Court GRANTS

15         Defendant Garcia's motion to dismiss the substantive due process allegations and

16         DISMISSES the claim with prejudice.  The Court DENIES Defendant's motion to

17         dismiss the procedural due process and equal protection claims based on qualified

18         immunity as premature but GRANTS Defendant's motion to dismiss the substantive

19         due process based on qualified immunity.  The Court also GRANTS Defendant

20         Garcia's motion to dismiss the claims of conspiracy, racial discrimination,

21         discrimination, freedom of association, free speech, freedom from cruel and unusual

22         punishment, deprivation of rights, and federal civil procedure.

23   Plaintiff shall file a first amended complaint no later then 45 days after the date of the filing

24   //

25   //

26   //

27   //

28   //

1   //

2   of this order. Plaintiff should note that all claims alleged in the First Amended Complaint which are

3   not asserted in the Second Amended Complaint will be considered waived. <u>King v. Atiyah</u>, 814

4   F.2d 565, 567 (9th Cir. 1987).

5   IT IS SO ORDERED.

6

7   DATED: March 20, 2012

8

                                 Hon. Anthony J. Battaglia

9                                    U.S. District Judge

[11cv1170-AJB(RBB)]